UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STATE OF CONNECTICUT         :
                             :    ss: Hartford, October 23, 2020
County of Hartford           :

3:20MJ 913 RAR

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Abraham J. Raymond, being duly sworn, hereby depose and state as follows:

### INTRODUCTION

1. I am a Special Agent with the United States Department of Veterans Affairs ("VA"), Office of Inspector General ("OIG"), and have been so employed for over two years. As a Special Agent of the VA OIG, I am a federal law enforcement agent, authorized to investigate criminal offenses relating to the VA. Prior to joining the VA OIG, I was employed as an Active Duty Special Agent with the Department of the Air Force, Office of Special Investigations ("OSI") for approximately six years. During my law enforcement career, I have received extensive law enforcement training. This training has included completing the Federal Law Enforcement Training Centers' ("FLETC") Criminal Investigator Training Program and FLETC advanced courses: Environmental and Economic Crimes Course and Procurement Fraud Investigators Training Program. Additionally, I deployed to Southwest Asia as a member of the International Contract Corruption Task Force where I investigated fraud and corruption affecting Department of Defense assets.

2. In addition to my training, I have had experience in the investigation of various violations of federal law including mail fraud, wire fraud, false claims, and theft of government funds; among others. Since joining the VA OIG, I have participated in several fraud

1

investigations as a case agent and in a subsidiary role. I have also participated in the preparation and/or execution of numerous criminal complaints and arrest warrants.

3. I am an investigator or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7) in that I am empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516.

4. Currently, I am the case agent in an investigation involving a scheme to defraud the VA by altering U.S. Department of Homeland Security ("DHS") and U.S. Coast Guard ("USCG") service member discharge documents to obtain unauthorized VA disability compensation benefits.

5. I submit this affidavit in support of a criminal complaint authorizing the arrest of DERRICK BREWER ("BREWER") for Theft of Government Funds, in violation of 18 U.S.C. § 641 and False Statements, in violation 18 U.S.C. § 1001 (the "TARGET OFFENSES").

6. The information contained in this affidavit was gathered in the course of an ongoing investigation conducted by the VA OIG and the U.S. Coast Guard Investigative Service ("CGIS"). This affidavit sets forth facts and evidence that are relevant to the requested criminal complaint and arrest warrant, but it does not set forth all of the facts and evidence that have been gathered during the course of the investigation of this matter. Rather, I have set forth only those facts that I believe are necessary to establish probable cause.

7. For the reasons outlined in this Affidavit, there is probable cause to believe, and I do believe, that BREWER has engaged in a violations of the TARGET OFFENSES.

**RELEVANT STATUTES**

8. Title 18, United States Code, Section 641, states in pertinent part:

2

> Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—Shall be fined under this title or imprisoned not more than ten years, or both . . .

9. Title 18, United States Code, Section 1001, states in pertinent part:

> . . . [W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—(1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; (2) makes any materially false, fictitious, or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry; shall be fined under this title, imprisoned not more than five years . . . or both.

## PROBABLE CAUSE

### *General Criminal Scheme*

10. My investigation revealed that on or about March 9, 2018, BREWER submitted a Certificate of Release or Discharge from Active Duty, commonly referred to as a "DD-214," to the VA, Hartford Regional Office ("VARO"), the VA office responsible for overseeing VA benefits, healthcare and cemetery service for the Connecticut Region.[1] The document was provided to the VA electronically through the Veteran's Service Organization, Disabled American Veterans ("DAV").[2] BREWER provided the document to the VA for the purpose of establishing his eligibility to receive disability compensation benefits for service-connected disabilities.[3] The DD-214 submitted by BREWER indicated that he was discharged from the USCG on or around January 12, 2012 with a characterization of service of "Honorable." On or about March 27, 2018, BREWER submitted a claim to the VA via VA Form 21-526EZ, Application for Disability Compensation and Related Compensation Benefits. BREWER identified ten service-connected disabilities on the form and checked block 8A of the form which

---

[1] A DD-214 is a military document provided to a service member upon their discharge from military service. An individual that completes at least 90 days of military service is entitled to receive a DD-214. The form contains a summary of a service member's period of service.

[2] DAV is a national non-profit organization that assists veterans in the filing and preparation of claims related to their veteran status.

[3] A service-connected disability is any disability or ailment caused or developed upon a service member during their time of service.

3

indicated that at the time the form was filed, BREWER was homeless or at risk for being homeless. Additionally, BREWER indicated that he wanted the claim to be considered for rapid processing. BREWER signed the form in block 27A which followed a lengthy claim certification block which included language essentially indicating that BREWER certified that the information contain in the claim is true and accurate to the best of his knowledge.

    11. Following in-person physical examinations by the VA, BREWER was awarded a service-connected disability rating of 80% on or around February 21, 2019. The awarded benefits were documented by the VA through a rating decision. A rating decision is a document provided to the veteran and contained in a veteran's official VA file that outlines how the VA arrived at the decision and what evidence was used to determine eligibility. The DD-214 submitted by BREWER and the VA Form 21-526EZ BREWER submitted to initiate the claim were listed in the evidence section of the rating decision. On February 21, 2019, based on information BREWER provided to VA, he was awarded approximately $1,631.69 in monthly VA benefit payments. These payments were tax free. Additionally, BREWER received approximately $19,180.32 in backpay which represented the compensation BREWER would have received had he obtained his 80% VA disability rating on the date he filed his claim or made the VA aware that he intended to file a claim. Following BREWER's initial rating decision, he filed additional claims with VA for Individual Unemployability, additional service-connected disabilities and additional compensation entitlements for his dependent children. These additional claims resulted in BREWER's monthly compensation award being increased to approximately $2,777.52, and his disability rating increased to 90%. Between approximately February 21, 2019 and September 30, 2020, BREWER received approximately $69,584.16 in VA funds.

12. On or about February 20, 2020, the VARO received BREWER's military records directly from the USCG.[4] These USCG records contained his DD-214. When representatives from the VARO compared the DD-214 located in BREWER's USCG records to the DD-214 submitted by BREWER in support of his claim for service-connected disability compensation, they determined that the two documents were different and that the DD-214 received from the USCG indicated that BREWER was discharged from the USCG under "Other Than Honorable Conditions." Following a short investigation by the VARO staff, this matter was referred to my office for further investigation.

13. During my investigation, I conducted interviews of VA employees who work at the Veteran's Service Center located in Hartford, Connecticut. These employees are well-versed and highly trained in the VA claims process and governing policies as they apply to service-connected disability compensation. One of my interviews was with an individual described herein as "D.J." and whose identity is known in full to me. D.J. is a Benefits Coach at the VARO Veteran's Service Center. Through speaking with D.J., I determined that veterans who received a characterization of discharge of "Other Than Honorable Conditions" are not eligible to receive financial compensation for service-connected disabilities.[5] D.J. stated that the VA serves a diverse population that often relies heavily on their VA compensation to live, for that reason benefits are often awarded through rapid claims processing where the veteran can provide evidence to substantiate their eligibility to receive benefits from the VA, to include a DD-214, prior to the receipt of official documentation from the veteran's branch of service. D.J. stated that in instances where a veteran indicated that they are either homeless or at risk for becoming homeless, such as in BREWER's claim, the Veteran's Service Center attempts to further

---

[4] These documents were not originally received by the VARO prior to processing BREWER's claim in part due to BREWER's request for "rapid" processing.
[5] Veterans who are discharged "Other Than Honorable Conditions" may still be entitled to VA medical care.

expedite those claims. D.J. stated that he reviewed BREWER's claim folder and that if BREWER was discharged from the USCG under "Other Than Honorable" conditions, as depicted on the DD-214 the VA received from the USCG, BREWER would not have been entitled to receive financial compensation from the VA. D.J. stated that in some instances, a veteran who was originally discharged under dishonorable conditions could petition their former branch of service to upgrade the status of their discharge. D.J. stated that discharge upgrades are accomplished through a board or panel and that new discharge documents are issued to the veteran upon the approval of a discharge upgrade. As described in further detail below, I could find no evidence that BREWER ever applied for such an upgrade.

14. I compared the DD-214 BREWER provided to the VA with the DD-214 provided to the VA by the USCG. Additionally, investigators obtained a copy of BREWER's DD-214 directly from his USCG electronic personnel file. The document obtained from BREWER's USCG electronic personnel file was identical to the DD-214 provided to the VA by the USCG. The DD-214 submitted by BREWER directly to the VA and the DD-214 obtained directly from the USCG are identical except for the information contained in blocks 24 and 28 of the documents. Block 24 is titled *Character of Service* and block 28 is titled *Narrative Reason for Separation*. Block 24 on the DD-214 submitted by BREWER to VA contains the word "Honorable" and block 28 contains the word "Medical." In the DD-214 provided by the USGC, block 24 contains the phrase, "Under Other Than Honorable" and block 28 contains the phrase "Unacceptable Conduct."

15. Blocks 24 and 28 are located in the bottom portion or the form. In the DD-214 submitted by BREWER, the bottom portion of the form is distorted and does not align with the rest of the document. I know based upon my training and experience that when a document is

6

edited or altered either with a copy machine or through computer editing software, the process of editing the document can skew the layout of the document.

16. During my investigation I obtained and reviewed several relevant documents. A review of BREWER's USCG records revealed he was discharged under "Other Than Honorable Conditions" on or around January 12, 2012, following his convictions for violating Uniformed Code of Military Justice ("UCMJ") Articles: Article 107 (False Official Statement); Article 112A (Introducing A Controlled Substance To An Installation); and Articles 121 and 123 (Larceny and Falsely Altering Coast Guard Money Orders With Intent To Defraud).[6]

17. Prior to the initiation of this investigation, the VARO sent BREWER correspondence regarding the characterization of discharge that was indicated on the DD-214 that was provided to the VA from the USCG and how it differed from the documents BREWER submitted with his claim for service connected disability compensation. During the correspondence, the VA asked BREWER to submit any evidence that he had to support his discharge was characterized as "Honorable." In response, BREWER submitted a handwritten statement in support of his claim to the VA. In the statement, BREWER claimed, among other things, that his characterization of discharge was "upgraded" in 2014.

18. Both DD-214s list the same issuing individual, an individual described herein as "K.J." and whose identity is known in full to me, in block 22, titled "Official Authorized to Sign." Specifically, the block reads, "[K.J.], YN1, USCG, BYDIR" with an ink signature above the title information. A review of USCG records and information systems revealed that K.J., now holding the rank of Chief Warrant Officer 2, USCG, was the individual that issued BREWER's USCG DD-214 in January of 2012. During an interview with law enforcement, K.J.

---

[6] The UCMJ is federal law, enacted by Congress as part of the United States Code. The UCMJ defines the military justice system and lists criminal offenses under military law.

reviewed the DD-214 BREWER provided to the VA and the DD-214 contained in his USCG records. K.J. stated that she was the individual that signed and issued the documents. K.J. reviewed the documents and determined the DD-214 submitted by BREWER to the VA was not authentic. K.J. stated that block 28 ("Narrative Reason for Separation"), which appeared to be edited/altered with the word "Medical" in the block, was not consistent with how medical discharges were typically documented. Additionally, K.J. advised that block 26 of both DD214s, which denoted the "Separation Code" of the service member's discharge, contained the code "KNC." According to K.J., "KNC" is consistent with a discharge related to misconduct, not a medical discharge. Further, K.J. advised that block 27 of both DD214s, which denoted the "Reentry Code" associated with the service member's discharge, contained code "RE4." Reentry Code "RE4" represents that the member was not eligible to rejoin the military. According to K.J., this would not be consistent with most medical discharges. K.J. also stated that she had never participated in any discharge upgrade boards.

19. Investigators queried USCG Personnel and Headquarters sections to determine whether BREWER's characterization of discharge had been upgraded after his discharge from the USCG. There was no record of any Board for Correction of Military Records ("BCMR") related to a discharge upgrade for BREWER.[7] Additionally, the representative advised that it was standard practice to include any final decisions in a USCG member's electronic personnel file. A query of BREWER's personnel file did not reveal any records of a BCMR.

---

[7] A BCMR is a panel of senior service members that reviews the circumstances surrounding a service member discharge for potential upgrade. These boards typically review cases in which a member was discharged after a period of honorable service for circumstances that are no longer a valid reason for discharge (e.g., violations of the "Don't Ask, Don't Tell" policy, or instances of simple use marijuana). Based on my training and experience and m knowledge of this investigation, upgrades following a criminal conviction under the UCMJ are rare.

*Identification of Suspect*

20. The Social Security Number ("SSN") contained in BREWER's USCG records is the same SSN that was used to file his VA claim. I queried the Massachusetts Registry of Motor Vehicles ("MA-RMV") using BREWER's SSN as displayed in his USCG records and VA records and obtained his Driver's License photograph. I reviewed of BREWER's Veteran Health Identification Card ("VHIC") which is associated with the same SSN and contains a photograph which appeared to depict the same individual as that contained in BREWER's MA-RMV records.

## CONCLUSION

21. Based on the foregoing, there is probable cause to believe, and I do believe, that from on or about March 9, 2018 through on or about September 30, 2020, BREWER committed a violation of the Target Offenses and that a warrant should issue for his arrest.

Abraham J. Raymond 1573003
Digitally signed by Abraham J. Raymond 1573003
Date: 2020.10.23 14:38:50 -04'00'

Abraham J. Raymond
Special Agent, VA OIG

The truth of the foregoing affidavit has been attested to me by Special Agent Abraham Raymond over the telephone on this 23rd day of October, 2020, at Hartford, Connecticut.

Robert A. Richardson
Digitally signed by Robert A. Richardson
Date: 2020.10.23 16:34:23 -04'00'

HONORABLE ROBERT A. RICHARDSON
UNITED STATES MAGISTRATE JUDGE